UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-215-RJC
(3:06-cr-185-RJC-1)

| | |
|---|---|
| HANK AARON JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Support, (Doc. No. 5).[1] Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina. For the reasons that follow, the motion to vacate will be granted.

### I. BACKGROUND

On December 15, 2006, Petitioner Hank Aaron Johnson pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Crim. Case No. 3:06-cr-185-RJC, Doc. No. 20: Plea Agreement). That offense generally carries a maximum term of ten years. See 18 U.S.C. § 922(g); 18 U.S.C. § 924(a)(2). The Armed Career Criminal Act ("ACCA"), however, mandates a 15-year minimum sentence—and a maximum of life in prison—for a felon who has "three previous convictions … for a violent felony or for a serious

---

[1] This is a successive petition, but on May 4, 2016, the Fourth Circuit Court of Appeals granted Petitioner authorization to file a second petition in order to bring his Johnson claim. See (No. 16-165, Doc. No. 5 (4th Cir.)).

1

drug offense." 18 U.S.C. § 924(e)(1). The presentence report found that Petitioner had three qualifying prior convictions that triggered the ACCA enhancement. See (Id., Doc. No. 53 at ¶ 19: PSR). The presentence report identified the following ACCA predicates: (1) a 1978 conviction for Breaking and Entering; (2) a 1983 conviction for Breaking and Entering; and (3) a 1984 conviction for Larceny from the Person[2] and Assault with a Deadly Weapon Inflicting Serious Injury ("AWDWISI"). (Id. at ¶¶ 19; 24; 26; 30). On November 15, 2007, this Court sentenced Petitioner to 188 months in prison, plus five years of supervised release. See (Id., Doc. No. 23: Judgment).

On May 4, 2016, Petitioner filed the instant motion to vacate his sentence, arguing that he was sentenced as an armed career criminal in violation of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner contends that, in light of Johnson, he no longer has three predicate convictions supporting his classification as an armed career criminal. The Government has filed a response, in which the Government agrees that Petitioner is entitled to sentencing relief under Johnson, and the Government further states that it is waiving any procedural defenses.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the

---

[2] The parties note that the PSR erroneously labelled the Larceny from the Person conviction as a conviction for Robbery with a Deadly Weapon. See (Id., Doc. No. 53 at ¶ 30). The state judgment shows, however, that while Petitioner was initially charged with the Robbery offense, he pled guilty to the lesser offense of Larceny from the Person. See (Doc. No. 4-1: Ex. 1).

2

argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

As noted, the ACCA provides for a mandatory-minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In assessing whether a prior conviction qualifies as a violent felony for purposes of the ACCA, a sentencing court employs the categorical approach, comparing the elements of the statute forming the basis of the defendant's conviction with ACCA's definition of "violent felony." See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent

felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, No. 15-6418, 2016 WL 1551144, at *11 (S. Ct. Apr. 18, 2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.[3]

Petitioner contends that, in light of Johnson, he no longer has three prior convictions that qualify as a predicate offense under the ACCA. Petitioner argues that his 188-month sentence therefore exceeds the 10-year statutory maximum for a § 922(g) offense. See 18 U.S.C. § 924(a)(2) (setting a ten-year statutory maximum). Moreover, according to Petitioner, his non-ACCA guidelines range would be no greater than 110 to 120 months (based on a non-ACCA offense level of 25 and a criminal history category of VI). See (Crim. Case No. 3:06-cr-185-RJC, Doc. No. 53 at ¶¶ 13; 14; 20; 57). Petitioner contends, furthermore, because he has already served 120 months, not counting good-time credit, this Court should impose a sentence of time-served, and Petitioner is entitled to immediate release from prison.

---

[3] Petitioner contends, and the Government concedes, that Petitioner's § 2255 motion is timely because it was filed less than a year after the Supreme Court decided Johnson. See 28 U.S.C. § 2255(f)(3) (stating that a defendant may file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

4

In its response, the Government has conceded, and the Court agrees, that Petitioner's prior North Carolina convictions for larceny from the person and misdemeanor breaking or entering (the 1983 conviction) no longer qualify as "violent felonies" in light of Johnson.[4]  First, as to Petitioner's larceny conviction, the Fourth Circuit held, before Johnson, that North Carolina's larceny offense does not satisfy the "force clause" of the violent-felony definition and qualified as a violent felony only under the residual clause.  See United States v. Jarmon, 596 F.3d 228, 230-33 (4th Cir. 2010).  Since Johnson, the Fourth Circuit has held that a larceny conviction cannot support an ACCA-enhanced sentence.  See United States v. Taste, 627 F. App'x 241, 242 (4th Cir. 2015).

Next, as to Petitioner's 1983 breaking or entering conviction, although the PSR asserts that the conviction was for the felony offense of breaking or entering, the North Carolina judgment shows that the conviction was for a misdemeanor offense.  See (Doc. No. Doc. 4-2: Ex. 2).  The judgment lists the statute of conviction as N.C. GEN. STAT. § 14-72, which is the state's basic larceny offense.  As discussed, that offense does not qualify as an ACCA predicate in light of Johnson.  See, e.g., Taste, 2015 WL 9487940, at *1.  Moreover, the state's misdemeanor breaking-or-entering offense—codified at N.C. GEN. STAT. § 14-54(b)—likewise does not qualify as an ACCA predicate post-Johnson.  The offense is broader than generic burglary because it does not require intent to commit a felony.[5]  Accordingly, if the offense

---

[4]  Petitioner also contends in his motion to vacate that the AWDWISI conviction no longer qualifies as a predicate conviction under the ACCA, in light of Johnson.  The Government does not address in its response whether the AWDWISI conviction qualifies as a predicate conviction under the ACCA in light of Johnson, and the Court need not decide that issue because, without the larceny and misdemeanor breaking or entering convictions, Petitioner no longer has three qualifying predicate convictions, regardless of whether the AWDWISI conviction qualifies.

[5]  The Fourth Circuit has held that a felony conviction under N.C. GEN. STAT. § 14-54(a)—which does require the intent to commit a felony—qualifies as generic "burglary" under the ACCA.  See United States v. Mungro, 754 F.3d 267 (4th Cir. 2014).

5

previously qualified as an ACCA predicate, it was solely by virtue of the residual clause of the ACCA. Since the residual clause has been invalidated by Johnson, the 1983 breaking or entering conviction is no longer a predicate felony under the ACCA.

Accordingly, the Government concedes, and the Court agrees after reviewing the record, that Petitioner is entitled to sentencing relief under Johnson because he longer has three predicate felonies under the ACCA. Furthermore, because Petitioner has served more than the 120-month statutory maximum for a non-ACCA, Section 922(g) offense, he is entitled to immediate release from custody.[6]

Finally, the Court notes that Petitioner was given a supervised release term of five years following his custodial sentence. Because he no longer qualifies for an enhanced sentence under the ACCA, the appropriate term of supervised release for his Section 922(g) conviction is three years. See United States v. Geddie, No. 15-4478, 2016 WL 1399535, at *2 (4th Cir. Apr. 11, 2016). Therefore, Petitioner's term of supervised release is reduced to three years.

**IV. CONCLUSION**

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED that**:

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**.

(2) Inasmuch as Petitioner is entitled to sentencing relief under Johnson, and because he has served a sentence that exceeds the statutory maximum to which his conduct exposed him, he is entitled to immediate release from custody. Petitioner is therefore **ORDERED** released from the custody of the United States Bureau of

---

[6] Petitioner notes that he has been incarcerated since February 17, 2006. See (Crim. Case No. 3:06-cr-185-RJC, Doc. No. 53 at 1). Therefore, not counting good-time credit, he has already served 120 months as of February 17, 2016.

Prisons and/or the custody of the U.S. Marshals Service. Petitioner's term of supervised release shall remain in place, but it shall be reduced from five years to three years.

(3) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4) The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

_____
Robert J. Conrad, Jr.
United States District Judge